# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIZABETH HOPPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-2195 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| LEWIS UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Elizabeth Hoppe ("Plaintiff") brings suit against her former employer, Lewis University ("Defendant") alleging employment discrimination and retaliation in violation of Title VII. Currently before the Court is Defendant's motion to dismiss for failure to state a claim [10]. For the reasons that follow, Defendant's motion [10] is granted in part and denied in part. The Court grants Defendant's motion to dismiss (1) Plaintiff's claim for gender discrimination; and (2) Plaintiff's claims for sex and disability discrimination to the extent that they are based on her removal as Philosophy Chair, the reduction of her role as thesis advisor, or Defendant's request that Plaintiff submit a medical evaluation. The Court denies Defendant's motion to dismiss (1) Plaintiff's claim for retaliation; and (2) Plaintiff's claims for sex and disability discrimination and retaliation to the extent that they are based on Plaintiff's termination. This case is set for further status hearing on January 25, 2017 at 9:00 a.m. The parties are directed to confer and to submit a joint status report by January 20, 2017 that includes a discovery plan and a statement of whether they wish to schedule a settlement conference prior to engaging in discovery.

I. **Background**[1]

Plaintiff began working for Defendant in August 1999 as an Associate Professor in the College of Arts and Sciences. In December 2011, Defendant began termination proceedings against Plaintiff because of a ruling that Judge Chang of this district issued on a separate EEOC charge. In 2012, Defendant halted termination proceedings.

According to the complaint, beginning on approximately August 28, 2013, Defendant began discriminating against Plaintiff based on her age (currently 53), gender (female) and disability (an anxiety disorder). In September 2013, Plaintiff had a panic attack at work.

On October 2, 2013, Plaintiff filed charges of age, gender, and disability discrimination with the Illinois Department of Human Rights and Equal Employment Opportunity Commission ("EEOC"). Plaintiff cited the following facts as evidence of all three types of discrimination: she was removed as the Philosophy Conference Director; her role as thesis advisor was diminished; she was accused of being disruptive and unable to adequately perform her job duties; and she was instructed to submit another medical evaluation in order for Defendant to determine if she was fit to satisfactorily perform the essential duties of her job. Plaintiff alleged in her age and gender discrimination charges that other associate professors, who are either younger than age 40 or significantly younger than Plaintiff, or male, have been treated differently than Plaintiff under similar circumstances. Plaintiff alleged in her disability discrimination charge that her disability does not affect her ability to perform the essential duties of her job, with reasonable accommodation.

---

[1] For purposes of Defendant's motions to dismiss, the Court assumes as true all well-pled allegations set forth in the complaint [1]. See *Mutter v. Madigan*, 17 F. Supp. 3d 752, 756 (N.D. Ill. 2014).

On July 16, 2014, Defendant terminated Plaintiff's employment. On November 18, 2015, the EEOC closed its file on Plaintiff's charges, finding that it was "unable to conclude that the information obtained establishes violations of the statutes." [1] at 7.

In this lawsuit, Plaintiff alleges that Defendant discriminated against her on the basis of age, disability, and gender and retaliated against her for engaging in protected activity by removing her as Philosophy Conference Director; diminishing her role as thesis advisor; labeling the symptoms of her anxiety disorder disruptive and requiring her to submit a medical clearance; and ultimately terminating her. See [15] at 2-4.

## II.     Legal Standard

Defendant seeks dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), which challenges the legal sufficiency of the complaint. For purposes of a motion to dismiss under Rule 12(b)(6), "the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor." *Mutter*, 17 F. Supp. 3d at 756. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

In this case, Plaintiff is proceeding *pro se*. "The pleading standards for pro se plaintiffs are considerably relaxed." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027–28 (7th Cir. 2013). A pro se Plaintiff's complaint must simply "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank*, *N.A.*, 614 F.3d 400, 404

(7th Cir. 2010).

### III. Analysis

#### A. Claims for Harassment and Discrimination Based on Failure to Promote

Defendant argues that Plaintiff's claims for harassment and discrimination based on failure to promote should be dismissed because Plaintiff failed to exhaust her administrative remedies and because these claims are barred by the applicable statute of limitations. The Court grants Defendant's motion as to Plaintiff's claims for harassment and discrimination based on failure to promote because Plaintiff indicates that she does not object to dismissal of those claims. See [15] at 5.

#### B. Claims Based on Age, Sex and Disability Discrimination and Retaliation

Defendant argues that Plaintiff's remaining claims—for discrimination based on age, sex, and disability and relation for engaging in protected activity—should be dismissed pursuant to Rule 12(b)(6) because the conduct that Plaintiff alleges does not support such claims and because there is no casual connection between the protected activity in which Plaintiff engaged and Defendant's allegedly discriminatory conduct.

The Court grants Defendant's motion as to Plaintiff's claim for discrimination based on age, because Plaintiff indicates that she does not object to dismissal of that claim. See [15] at 5. This leaves before the Court Plaintiff's claims for gender and disability discrimination and retaliation.

Defendant argues that all three remaining claims must be dismissed because Plaintiff does not sufficiently allege that she suffered an adverse employment action. According to Defendant, Plaintiff alleges four adverse employment actions in support of all of her discrimination claims: (1) she was removed as Philosophy Conference Director; (2) her role as

4

thesis advisor was diminished; (3) she was instructed to submit to a medical evaluation; and (4) she was terminated.

"[N]ot everything that makes an employee unhappy is an actionable adverse action." *Nichols v. S. Ill. Univ.–Edwardsville*, 510 F.3d 772, 780 (7th Cir. 2007) (citing *O'Neal v. City of Chi.*, 392 F.3d 909, 911 (7th Cir. 2004)). In the context of a claim for employment discrimination, an adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibility, or a decision causing a significant change in benefits." *Lewis v. City of Chi.*, 496 F.3d 645, 653 (7th Cir. 2007) (internal quotation marks and citation omitted). To be actionable as a Title VII discrimination claim, an adverse employment action must "materially alter the terms or conditions of employment," *Porter v. City of Chi.*, 700 F.3d 944, 954 (7th Cir. 2012), and must be "'more disruptive than a mere inconvenience or an alteration of job responsibilities,'" *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1120 (7th Cir. 2009) (quoting *Crady v. Liberty Nat'l Bank & Trust Co.,* 993 F.2d 132, 136 (7th Cir. 1993)). "Generally speaking, there are three categories of actionably adverse employment actions: '(1) termination or reduction in . . . financial terms of employment; (2) transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects; and (3) unbearable changes in job conditions, such as a hostile work environment or conditions amounting to constructive discharge.'" *Hopkins v. Bd. of Educ. of City of Chicago*, 73 F. Supp. 3d 974, 989 (N.D. Ill. 2014) (quoting *Barton v. Zimmer, Inc.,* 662 F.3d 448, 453–54 (7th Cir. 2011)).

The standard for retaliation claims is not as high as the standard for discrimination claims. "In the retaliation context, the challenged adverse action need not be one that affects the terms and conditions of employment, but it 'must be one that a reasonable employee would find

to be materially adverse such that the employee would be dissuaded from engaging in the protected activity.'" *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016) (quoting *Roney v. Illinois Dep't of Transportation*, 474 F.3d 455, 461 (7th Cir. 2007)).

Applying these standards, the Court agrees with Defendant that the first three adverse employment actions alleged by Plaintiff are insufficient to support an employment discrimination claim based on age or disability. Defendant does not allege that her removal as Philosophy Conference Director or reduction in her thesis advisor role reduced her pay or constituted a reassignment to a different position with significantly different job responsibilities. Plaintiff remained an associate professor. At most, Plaintiff's allegations suggest that these were alterations in her job responsibilities, which are insufficient to constitute adverse employment actions. *Nagle*, 554 F.3d at 1120. Likewise, requiring Plaintiff to obtain another medical evaluation does not plausibly constitute an adverse employment action, because Plaintiff's allegations do not suggest that this was an unbearable change in working conditions amounting to constructive discharge. *Hopkins*, 73 F. Supp. 3d at 989.

However, the Court cannot determine at the pleading stage whether these three adverse employment actions could support a retaliation claim. The Court concludes at this early stage that it is plausible that a reasonable employee in Plaintiff's position might be dissuaded from engaging in protected activity (complaining to the EEOC) if he or she faced the prospect of losing a director position or job responsibilities that he or she enjoyed, or with being required to provide an employer with sensitive personal health information. See *Poullard*, 829 F.3d at 856.

The fourth adverse employment action identified by Plaintiff, termination, is clearly an adverse employment action, in either the discrimination or the retaliation context. Defendant argues, however, that Plaintiff does not allege sufficient facts to support her blanket assertion

that she was terminated due to her sex or disability or in retaliation for filing EEOC charges in October and November 2013. The Court disagrees. "'[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination" (or discrimination based on membership in another protected class) "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex'" (or other protected class). *Luevano*, 722 F.3d at 1028 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)); see also, *e.g.*, *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else."). In this case, Plaintiff alleges that Defendant terminated her based on her age and disability. Under *Luevano*, this is sufficient to survive a motion to dismiss, especially where, as here, the plaintiff is proceeding *pro se*. Further, a reasonable employee in Plaintiff's position obviously could be dissuaded from engaging in protected activity (complaining to the EEOC) if he or she faced the prospect of losing his or her job. See *Poullard*, 829 F.3d at 856.

Finally, Defendant argues that Plaintiff's termination cannot form the basis of a retaliation claim because of the lack of temporal proximity between the time she began to engage in protected activity (2006, when she first brought EEOC charges) and the time of her termination. Plaintiff cites the Seventh Circuit's decision affirming summary judgment for Defendant in an earlier discrimination suit brought by Plaintiff, *Hoppe v. Lewis Univ.*, 692 F.3d 833 (7th Cir. 2012) There, the Seventh Circuit implied, but did not directly decide, that Plaintiff's evidence that Defendants removed her from teaching an aviation ethics course two and a half years after she began engaging in protected activity was insufficient to demonstrate a

7

causal link between her protected activity and Defendant's adverse employment action. See *id.* at 842. However, the Seventh Circuit affirmed the district court's grant of summary judgment in favor of Defendant on the retaliation claim primarily because Plaintiff failed to identify any evidence that the person who removed her from the class knew of her protected activity or that her protected activity was a substantial motivating factor in his decision. See *id.*

In contrast to *Hoppe*, this case is only at the pleading stage, where Plaintiff is not required to supply proof of causation. Further, the Seventh Circuit has recognized that "'temporal proximity is only evidence of causation, not a separate element of the prima facie case, and thus there will be cases in which a plaintiff can demonstrate causation despite a substantial time lag.'" *Burnell v. Gates Rubber Co.*, 647 F.3d 704, 710 (7th Cir. 2011) (quoting *Lalvani v. Cook County., Ill.,* 269 F.3d 785, 791 (7th Cir. 2001)). Finally, the Court concludes that it is plausible that, even though Defendant did not terminate Plaintiff immediately after she filed her first EEOC charge in 2006, Defendant became frustrated with Plaintiff for filing multiple charges over the years and finally terminated her based on her engagement in this protected activity.

## VI. Conclusion

For these reasons, Defendant's motion to dismiss [10] is granted in part and denied in part. The Court grants Defendant's motion to dismiss (1) Plaintiff's claim for gender discrimination; and (2) Plaintiff's claims for sex and disability discrimination and retaliation to the extent that they are based on her removal as Philosophy Chair, the reduction of her role as thesis advisor, or Defendant's request that Plaintiff submit a medical evaluation. The Court denies Defendant's motion to dismiss (1) Plaintiff's claim for retaliation; and (2) Plaintiff's claims for sex and disability discrimination and retaliation to the extent that they are based on Plaintiff's termination. This case is set for further status hearing on January 25, 2017 at 9:00

a.m.  The parties are directed to confer and to submit a joint status report by January 20, 2017 that includes a discovery plan and a statement of whether they wish to schedule a settlement conference prior to engaging in discovery.

Dated: January 3, 2017 _____
Robert M. Dow, Jr.
United States District Court Judge